**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

| | |
|---|---|
| **KEESHA STRINGER** | **PLAINTIFF** |

**v.**                    **Case No. 3:14-cv-00151 KGB**

| | |
|---|---|
| **SMITH TRANSPORTATION, INC.** | |
| **and JOHNIE STEIN** | **DEFENDANTS** |

**v.**

| | |
|---|---|
| **ANTONIO PATTERSON** | **THIRD PARTY DEFENDANT** |
| **ANTONIO PATTERSON** | **PLAINTIFF** |

**v.**                    **Case No. 3:15-cv-00207 KGB**

| | |
|---|---|
| **JOHN H. STEIN JR., LARRY W. WINKLER,** | |
| **and SMITH TRANSPORTATION, INC.** | **DEFENDANTS** |

**ORDER**

On August 27, 2015, the Court entered an Order consolidating *Antonio Patterson v. John H. Stein*, *et al.*, Case No. 3:15-CV-00207-JLH with this action. Before these cases were consolidated, separate defendant Larry W. Winkler, who was not named as a defendant in this case prior to consolidation, filed a motion to dismiss plaintiff Antonio Patterson's claims against him. *Antonio Patterson v. John H. Stein*, *et al.*, Case No. 3:15-CV-00207-JLH (Dkt. No. 3). His motion remains pending at this time. Mr. Patterson did not respond to Mr. Winkler's motion, and the time to do so has passed. For the following reasons, the Court grants the motion to dismiss.

### I.    Background

The following alleged facts are taken from Mr. Patterson's complaint, which was filed prior to the consolidation of these cases. *Antonio Patterson v. John H. Stein*, *et al.*, Case No.

3:15-CV-00207-JLH (Dkt. No. 2). This case arises out of a traffic accident that occurred on or around December 6, 2013. Mr. Patterson claims that he was a passenger in a car that came to a rest on Highway 55 North because of ice on the road. According to Mr. Patterson, the car was hit by a 2009 Freightliner Cascadia driven by separate defendant John H. Stein, Jr., who was acting in the course of his employment by separate defendant Smith Transportation, Inc. Mr. Patterson, who was outside of the car when the accident occurred, alleges that he was injured when he had to throw himself out of the way to avoid the collision.

Mr. Patterson seeks damages from Mr. Stein, Mr. Winkler, and Smith Transportation, Inc. He claims that Mr. Winkler is a resident and citizen of Missouri, and that he owned the 2009 Freightliner Cascadia that was involved in the accident. Mr. Patterson does not allege that Mr. Winkler is affiliated with Smith Transportation, and he does not include any allegations regarding the relationship between Mr. Winkler and Mr. Stein, other than that Mr. Winkler owned the vehicle that Mr. Stein was driving when the accident occurred. He does not claim that Mr. Winkler has any additional contacts with the state of Arkansas, other than through his ownership of the 2009 Freightliner Cascadia.

## II.     Standard of Review

Mr. Winkler moves to dismiss Mr. Patterson's complaint against him pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). To survive a 12(b)(2) motion to dismiss for lack of personal jurisdiction, "a plaintiff must plead 'sufficient facts to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979 (8th Cir. 2015) (alteration in original) (quoting *K–V Pharm. Co. v. J. Uriach & CIA, S.A.,* 648 F.3d 588, 591–92 (8th Cir.2011)). As for a motion to dismiss under Rule 12(b)(6), the "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. (citing *Twombly*, 550 U.S. at 556).   "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted).   "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).   "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

## III.   Discussion

Mr. Winkler argues that Mr. Johnson failed to include sufficient factual allegations in his complaint to state a claim against him or to establish that this Court has personal jurisdiction over him.

### A.   Failure To State A Claim

In his complaint, Mr. Johnson alleges that Mr. Winkler is liable for his injuries because he owned the 2009 Freightliner Cascadia involved in the accident.   Mr. Winkler argues that alleging mere ownership of the vehicle is not enough to state a valid claim, and that "in order to hold Winkler liable for the accident, Plaintiff would at least have to allege that some relationship

3

existed between Winkler and Stein such that Winkler could be held vicariously liable for the actions of Stein." *Antonio Patterson v. John H. Stein*, *et al.*, Case No. 3:15-CV-00207-JLH (Dkt. No. 4, at 3). As Mr. Patterson's complaint does not include any factual allegations pertaining to the relationship between Mr. Winkler and Mr. Stein, Mr. Winkler argues that he "has failed to provide any factual basis to show that Winkler owed a duty; how such duty was breached; and how any such breach is proximately related to Plaintiff's damages." *Antonio Patterson v. John H. Stein*, *et al.*, Case No. 3:15-CV-00207-JLH (Dkt. No. 4, at 3).

The Court finds that Mr. Patterson failed to state a claim against Mr. Winkler. Mr. Patterson alleges that Mr. Winkler owned the vehicle involved in the accident causing his injuries. Even if that allegation is true, this fact alone does not establish a claim for relief against him. *See Brown v. Truck Connections Int'l, Inc.*, 526 F. Supp. 2d 920, 922-23 (E.D. Ark. 2007) (finding under Arkansas law that the owner of a commercial vehicle was not liable for injuries resulting from an accident involving the vehicle, because the driver was not an employee of the vehicle owner). Mr. Patterson failed to allege that Mr. Winkler employed Mr. Stein, permitted him to use the vehicle, or even knew that Mr. Stein would be driving the vehicle. As mere ownership of a vehicle does not establish liability, and Mr. Patterson's claims against Mr. Winkler rely solely on his alleged ownership of the 2009 Freightliner Cascadia, the Court finds that he failed to state a claim against Mr. Winkler.

### B.     Failure To Establish Personal Jurisdiction

Mr. Winkler also argues that Mr. Patterson's claims against him should be dismissed for lack of personal jurisdiction because the complaint does not contain sufficient facts that would support a reasonable inference that Mr. Winkler can be subjected to jurisdiction within Arkansas. *Antonio Patterson v. John H. Stein*, *et al.*, Case No. 3:15-CV-00207-JLH (Dkt. No. 4, at 3-4).

Mr. Patterson claims that Mr. Winkler is a resident and citizen of Missouri and that he owned the truck involved in the accident that allegedly caused Mr. Patterson's injuries. The accident occurred in Arkansas. Mr. Patterson does not make any allegations regarding any other connection between Mr. Winkler and Arkansas.

A federal court may exercise jurisdiction over a non-resident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Bell Paper Box, Inc. v. U.S. Kids., Inc.*, 22 F.3d 816, 818 (8th Cir. 1994). The Arkansas long-arm statute confers jurisdiction to the fullest extent permitted by the Due Process Clause. Ark. Code Ann. § 16-4-101(B); *Mountaire Feeds, Inc. v. Argo Impex, S. A.*, 677 F.2d 651, 653 (8th Cir. 1982). Thus, the Court's only inquiry here is whether the Due Process Clause permits the exercise of personal jurisdiction over Mr. Winkler.

The Due Process Clause requires that, before a court can exercise jurisdiction over a non-resident defendant, there must be sufficient "minimum contacts" between that defendant and the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). Sufficient minimum contacts exist when the "defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there." *Id.* at 297. The non-resident defendant must have purposefully directed its activities at forum residents or "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law." *Hanson v. Denckla*, 357 U.S. 235, 253-54 (1958); *Kulko v. Sup. Ct.*, 436 U.S. 84, 93-94 (1978). The

purposeful availment requirement assures that a non-resident will be aware that it is subject to suit in the forum state.  *World-Wide Volkswagen*, 444 U.S at 297.

The Eighth Circuit has identified five factors with which to measure minimum contacts: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties."  *Digi-tel Holdings v. Proteq Telecoms.*, 89 F.3d 519, 522-23 (8th Cir. 1996).  The first three factors are of "primary importance."  *Id.*  With respect to the third factor, the Eighth Circuit distinguishes between specific jurisdiction and general jurisdiction.  *Bell Paper Box*, 22 F.3d at 819.  "A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state."  *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008).  Specific jurisdiction is proper "only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities."  *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

The Court finds that Mr. Patterson failed to allege sufficient facts establishing that this Court has personal jurisdiction over Mr. Winkler.  It is clear that the complaint fails to establish that Mr. Winkler's contacts with Arkansas are so "continuous and systematic" that the Court has general jurisdiction over him; the accident at issue is the only alleged contact between Mr. Winkler and the state.  The complaint also fails to establish that the Court has specific jurisdiction over him.  While the injury giving rise to this action "occurred within or had some connection to" Arkansas, there is no indication that Mr. Winkler "purposely directed [his]

6

activities" to the state. *Steinbuch*, 518 F.3d at 586. "'For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.' This means that 'the relationship must arise out of contacts that the defendant *himself* creates with the forum State.'" *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 821 (8th Cir. 2014) (emphasis in original) (citation omitted) (quoting *Walden v. Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014)). Mr. Patterson does not allege that Mr. Winkler did anything to establish contacts with the state of Arkansas. The only connection between Mr. Winkler and the state appearing in Mr. Winkler's complaint is his ownership of a truck driven by Mr. Stein, a third party. That connection is not enough to establish personal jurisdiction. *See Grandstaff v. Hiner Equip., L.L.C.*, 56 F. Supp. 3d 1003, 1012 (S.D. Iowa 2014) ("Merely retaining title to a trailer that was drawn through Iowa solely at the direction of a third party, without more, is insufficient to establish personal jurisdiction under notions of fair play and substantial justice.").

## IV.     Conclusion

The Court finds that Mr. Patterson failed to state a claim against Mr. Winkler and failed to allege sufficient facts establishing that this Court has personal jurisdiction over Mr. Winkler. Therefore, the Court grants Mr. Winkler's motion to dismiss Mr. Patterson's claims against him. *Antonio Patterson v. John H. Stein, et al.*, Case No. 3:15-CV-00207-JLH (Dkt. No. 3).

So ordered this the 16th day of March, 2016.

Kristine G. Baker
United States District Judge